UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHERYL H. FRAZIER** | ) | **CIVIL ACTION NUMBER:  07-10074** |
| XXX-XX-7509 | ) | **CHAPTER 13** |
| | ) | |
| DEBTOR, | ) | |

| | | |
|---|---|---|
| **CHERYL H. FRAZIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 1:07MC3379-MHT |
| | ) | |
| v. | ) | **ADV. PROC. NO. 07-01112** |
| | ) | |
| **ACCREDITED HOME LENDERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR WITHDRAWAL OF REFERENCE

COMES NOW the Defendant Accredited Home Lenders, Inc. ("AHL"), by and through its counsel of record, and submits this memorandum in support of its motion to withdraw the reference of 28 U.S.C § 157(a) pursuant to 28 U.S.C. § 157(d).

### INTRODUCTION

Plaintiff/Debtor Cheryl H. Frazier ("Frazier") filed a voluntary Chapter 13 petition on January 22, 2007, and the case is currently pending in the United States Bankruptcy Court for the Middle District of Alabama as Civil Action No. 2007-10074. This adversary proceeding was commenced by Frazier on or about September 7, 2007. The complaint alleges AHL has violated provisions of the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 et seq. Frazier seeks monetary damages, attorney's fees and rescission.

4/113428.2

The district court has original bankruptcy jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a). Congress has further authorized district courts to refer bankruptcy cases to bankruptcy courts. 28 U.S.C. § 157(a). Pursuant to a General Order of Reference adopted by the Middle District of Alabama District Court on April 25, 1985, all cases arising under or related to title 11 are referred to the bankruptcy courts in the Middle District.

Section 157(b)(2) of chapter 28 of the United States Code provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . ." Section 157(d), however, provides for a procedure to withdraw the reference of an adversary proceeding to the bankruptcy court when specified provisions are met. Specifically, § 157(d) requires withdrawal of the reference when resolution of the dispute requires consideration of non-bankruptcy related statutes. Moreover, the same provision empowers the Court to exercise its discretion to withdraw the reference when it determines that a balance of efficiencies and other considerations mandate withdrawal. For the reasons set forth herein, the reference for this adversary proceeding must be withdrawn and the case transferred for disposition by the district court.

I.      THE PLAIN LANGUAGE OF 28 U.S.C. § 157(d) REQUIRES THIS COURT TO WITHDRAW THE REFERENCE FOR THIS ADVERSARY PROCEEDING.

28 U.S.C. § 157(d) provides in pertinent part as follows:

"[t]he district court **shall** on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added)

The plain language of this provision, often characterized as § 157(d)'s mandatory withdrawal provision, leaves the Court with no discretion – upon the necessary determination the reference must be withdrawn.

Courts have developed two distinct approaches to the determination of whether withdrawal is mandatory. Under what has been termed the statutory approach, courts must withdraw the reference when the proceeding requires resolution of both bankruptcy and non-bankruptcy laws. *In re Childs*, 342 B.R. 823, 826 (M.D.Ala 2006). When the statutory approach is employed, the mere pleading of a non-bankruptcy federal law claim requires withdrawal irrespective of the substantiality of the claim. *In re Keifer*, 276 B.R. 196, (E.D.Mich. 2002). Because Frazier has alleged violations of TILA and RESPA, application of the statutory approach would require withdrawal without more.

Pursuant to the "substantial and material" test for determining the issue of mandatory withdrawal, the Court must withdraw the reference "only if the Court can make an affirmative determination that resolution of the claims will require substantial and material consideration of [non-bankruptcy code] statutes which have more than a *de minimis* impact on interstate commerce." *Holmes v. Grubman*, 315 F.Supp.2d 1376, 1379 (M.D.Ga 2004), *quoting In re White Motor Corp.*, 42 B.R. 693, 705 (N.D.Ohio 1984). This approach has its genesis in concerns that the literal or statutory approach could create an escape hatch through which litigants could artfully plead themselves out of bankruptcy court. *See In re American Body Armor & Equip. Inc.*, 155 B.R. 588, 591 (M.D.Fla 1993).

The plain language of § 157(d) requires the Court to withdraw the reference for this adversary proceeding. It is beyond serious dispute that the resolution of this matter will require

consideration of non-bankruptcy federal statutes. In fact, none of the claims or defenses asserted in this action bear any relation to title 11.

Even were the Court to employ the substantial and material test, however, withdrawal would nevertheless be required. Frazier's complaint contains in excess of 78 paragraphs of detailed allegations based on specific provisions of TILA, recent amendments to TILA and provisions of RESPA. Specifically, Frazier claims that certain charges reflected in the Settlement Statement for her home mortgage were illegally marked-up, and that AHL is liable for illegal kickbacks prohibited by RESPA. The complaint further invokes detailed United States Department of Housing and Urban Development ("HUD") implementing regulations. The claims asserted in the complaint conclusively establish its substantial and material reliance on non-bankruptcy related federal statutes.

II.    ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS DISCRETION TO WITHDRAW THE REFERENCE FOR THIS ADVERSARY PROCEEDING.

Congress has also granted the Court discretion to withdraw any case or proceeding from a bankruptcy court "for cause shown." 28 U.S.C § 157(d).  The Court's determination of cause in this context is guided by the following factors:

(1) the advancement of uniformity in bankruptcy administration;
(2) decreasing forum shopping and confusion;
(3) promoting the economical use of the parties' resources;
(4) facilitating the bankruptcy process;
(5) whether the claim is core or non-core;
(6) efficient use of judicial resources;
(7) whether the plaintiff has made a jury demand; and
(8) prevention of delay.

*See Childs*, 342 B.R. at 827. Moreover, the Court has an overarching obligation to "ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 538 (11th Cir. 1991).

"The core/non-core factor is the most important factor to consider when determining if cause for withdrawing bankruptcy references exist, because that factor drives the efficiency and uniformity determinations." *Abondolo v. GGR Holbrook Medford, Inc.*, 285 B.R. 101, 111 (E.D.N.Y. 2002). Frazier's non-core claims are not based on bankruptcy law and are unrelated to her Chapter 13 petition. "Because bankruptcy courts are only empowered to submit proposed factual findings and legal conclusions to district courts for *de novo* review in non-core matters," the Court's interest in promoting the efficient use of the parties' resources and judicial resources strongly favors withdrawal of the reference, *Abondolo*, 285 B.R. at 112. Additionally, withdrawal would result in the litigation of non-core bankruptcy claims in the Court most likely to be familiar with the statutes involved.

Regarding the fourth factor listed above, it is difficult to conceive of how the bankruptcy process would be facilitated by this complicated adversary proceeding going forward in bankruptcy court. Regarding the second factor above, neither the petition nor this motion raise any issue of forum shopping or confusion.[1] Finally, this motion has been timely filed and the parties will therefore suffer no prejudice or delay by the requested withdrawal. The only action taken by the bankruptcy court in this matter is the continuation of the initial scheduling conference until March 17, 2008.

## CONCLUSION

For the foregoing reasons, AHL respectfully requests that the Court withdraw the reference for this adversary proceeding.

---

[1] Because the Court has authorized the bankruptcy court to conduct jury trials, whether Frazier has or ultimately chooses to seek a jury trial has no bearing on the Court's permissive withdrawal determination.

Respectfully submitted

ACCREDITED HOME LENDERS, INC.

s/ J. Douglas Minor, Jr.
J. DOUGLAS MINOR, JR. [MSB #10045]

OF COUNSEL

J. Douglas Minor, Jr.
Bradley Arant Rose & White LLP
Suite 450, One Jackson Place
188 East Capitol Street
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

        Earl P. Underwood, Jr.
        Law Offices of Earl P. Underwood, Jr.
        P.O. Box 969
        21 South Section Street
        Fairhope, AL 36533-0969

                Respectfully submitted,

                s/ J. Douglas Minor, Jr.